WILSON, Circuit Judge,
concurring:
I concur in the result of the majority’s opinion, with the following additional observation. The Supreme Court instructs that “[i]n assessing prejudice in an ineffective assistance of counsel claim, we reweigh the evidence in aggravation against the totality of available mitigating evidence.” Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 2542, 156 L.Ed.2d 471 (2003) (emphasis added). The mental health expert mitigation evidence could have provided the jury some context into which to put this senseless crime. In addition, it could have bolstered the lay testimony about the effects of Vietnam on Rutherford. Importantly, the jury vote at the penalty phase was far from unanimous. Given the closeness of the jury’s vote to recommend a death sentence (7-5), I conclude that there exists a reasonable probability that the result of the proceedings would have been different if trial counsel had presented the mental health evidence. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).
However, to succeed on a claim of ineffective assistance of counsel, Rutherford must also show that “counsel’s representation fell below an objective standard of reasonableness.” Strickland, 466 U.S. at 688, 104 S.Ct. at 2064. The state court determined that counsel made a reasonable strategic decision not to introduce the mental health evidence. Rutherford v. State, 727 So.2d 216, 222-24 (Fla.1998). I conclude that this decision was not “objectively unreasonable” as that term was elucidated in Wiggins, 123 S.Ct. at 2534-35, Bell v. Cone, 535 U.S. 685, 689, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002), and Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 1524-25, 146 L.Ed.2d 389 (2000). Accordingly, I concur with the result of the majority’s opinion and would affirm the district court’s denial of Rutherford’s petition for a writ of habeas corpus.